A second writ of scire facias issued, and was returned (317) "executed"; and the defendant pleaded "Nul tiel record, former judgment no ca. sa. to the principal's proper county, collusion to charge the bail, surrender of the principal, death of the principal, discharge of the bail by the election of the plaintiff to sue out a fi. fa." The plaintiff replies, there is such a record, nul tiel record, as to former judgment, as to the plea of ca. sa., etc. Plaintiff replies a ca. sa. to Orange, where James Green was resident at the time the writ was sued out against him, and he arrested, etc. Defendant rejoins, that at and before the time of issuing the ca. sa., to Orange, the principal resided in Edgecombe, and the plaintiff had notice thereof; demurrer to the rejoinder and joinder, replication and issue as to the pleas, collusion to charge the bail, surrender and death, etc., demurrer as to the plea of discharge of the bail by issuing fi. fa. and joinder. The county court gave judgment upon the several pleas and demurrers for the plaintiff; the defendant appealed to the Superior Court of Law for Hillsborough District, when he withdrew the pleas that the bail was discharged by the election of the plaintiff to sue out fi. fa., surrender of principal and death of principal; and a jury being impaneled, found that there was no collusion to charge the bail. Whereupon, the Court ordered that the plea of nul tielrecord and the plea of former judgment, and replication thereto, and plea of no ca. sa. to the principal's proper county, the replication, rejoinder, demurrer and joinder thereon, be transmitted to the Court of Conference for a final determination.
In the former suit, the plea of nul tiel record went only to the existence of the particular judgment recited in the writ, namely, against James H. Green, and the production of a judgment against James Green was considered by the Court a failure of record. The *Page 268 
questions whether the defendant became bail for James Green, whether a judgment was obtained against him, whether the subsequent steps were legally taken so as to charge the bail, were neither discussed nor (318) decided on. And it is only where the question between the parties has been once decided upon confession or verdict that the judgment can be pleaded to bar another action. Hence, if a party fails by reason of a defect in his declaration, or by misconceiving his action, or by suing as executor when he was administrator, the judgment will be no bar in another action for the same cause.
The ca. sa. has in this case issued according to the act.
By the proper county is meant that wherein the defendant was arrested, which the clerk can at once ascertain by examining the writ, which serves as his guide in issuing the execution. This ought not to be departed from, unless a return of the sheriff, or something equally satisfactory and conclusive, evinces that the county where the defendant was taken no longer continues to be his proper county.
NOTE. — See Finley v. Smith, 14 N.C. 247, which decides that the proper county, prima facie, to which a ca. sa. should issue, in order to charge the bail, is the county where the original writ was executed. But if the defendant has acquired a domicil in another county and the plaintiff has notice of it. the ca. sa. ought to issue to that county.